

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MITSUBISHI CHEMICAL COMPOSITES AMERICA, INC.,**

    **Plaintiff,**

    v.                                    CIVIL ACTION NO. 2:19cv216

**PPG INDUSTRIES, INC.,**

    **Defendant.**

## ORDER

This matter comes before the court on the Defendant's Motion for Partial Dismissal Pursuant to Rule 12(b)(6) ("Motion to Dismiss"), ECF No. 10, and corresponding Memorandum of Law in Support, ECF No. 11, filed on June 7, 2019. The Plaintiff filed an Opposition on July 22, 2019, ECF No. 19, and the Defendant filed a Reply on July 29, 2019, ECF No. 24.

On August 2, 2019, the matter was referred to United States Magistrate Judge Lawrence R. Leonard pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motion to Dismiss. ECF No. 25. The Magistrate Judge's Report and Recommendation ("R&R") was filed on November 20, 2019. ECF No. 28. The R&R recommended that the

Motion to Dismiss be granted as to Counts II and VI and that those Counts be dismissed with prejudice; be granted as to Counts IV and V and that those Counts be dismissed without prejudice; be denied as to Count III; and that the Plaintiff be granted leave to amend with respect to Counts IV and V. Id. In the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen (14) days from the date of the mailing of the R&R to the objecting party. Id. at 15-16. The Plaintiff filed an Objection to the R&R on December 4, 2019, objecting only to the R&R's recommendation that the court grant the Motion to Dismiss with respect to Count II and dismiss Count II with prejudice. ECF No. 29. The Defendant filed a Response on December 18, 2019. ECF No. 30.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the Plaintiff has specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

Having reviewed the record and made a de novo determination with respect to the portions of the R&R to which

2

the Plaintiff has objected, the court **OVERRULES** the Plaintiff's Objection to the R&R. Specifically, the court finds that the disclaimer of implied warranties at paragraph 9 of the Master Warranty Agreement, which was attached as Exhibit A to the Defendant's Motion to Dismiss, ECF No. 11-1,[1] was conspicuous under Pennsylvania law, and that the Plaintiff's claim in Count II of the Complaint therefore fails as a matter of law.

The court **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the Magistrate Judge's thorough and well-reasoned R&R. ECF No. 28. Accordingly, the Defendant's Motion to Dismiss, ECF No. 10, is **GRANTED** as to Counts II and VI, which are **DISMISSED WITH PREJUDICE**; the Defendant's Motion to Dismiss is **GRANTED** as to Counts IV and V, which are **DISMISSED WITHOUT PREJUDICE**; the Defendant's Motion to Dismiss is **DENIED** as to Count III; and the Plaintiff is **GRANTED** leave to amend, within twenty (20) days of the entry of this Order, with respect to Counts IV and V.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for all parties.

---

[1] Although the Master Warranty Agreement was not attached to the Complaint in its entirety, it did form the basis of numerous Counts in the Complaint and was quoted in part in the Complaint. See, e.g., ECF No. 1 at ¶¶ 15, 34, 36, 49. Therefore, the court may consider the full text of the Master Warranty Agreement "in determining whether to dismiss the complaint because it was integral to and explicitly relied on in the complaint and because the plaintiff[] do[es] not challenge its authenticity." Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

**IT IS SO ORDERED.**

/s/
REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

January 3, 2020